Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4076 | **DATE** | 11/29/2000 |
| **CASE TITLE** | Leighton Holdings et al vs. Belofsky et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We affirm the judgment of the Bankruptcy Court denying Appellants' motion for leave to proceed in its suit against the Trustee and Special Counsel.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 0 2000 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 NOV 29 PM 12: 35 | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: KIDS CREEK PARTNERS, L.P., ) | | |
| ) | | |
| Debtor. ) | | |
| ) | | |
| ──────────────────────── ) | | |
| ) | | |
| LEIGHTON HOLDINGS, LTD. and ) | 00 C 4076 | |
| CECIL R. McNAB, ) | | |
| ) | | |
| Appellants, ) | | |
| ) | | |
| vs. ) | | |
| ) | 94 B 23947 **DOCKETED** | |
| DAVID A. BELOFSKY, DOUGLAS M. ) | | |
| BELOFSKY, BELOFSKY & BELOFSKY, P.C., ) | **NOV 3 0 2000** | |
| DAVID R. HERZOG and LAYFER, COHEN ) | | |
| & HANDLESMAN, LTD., ) | | |
| ) | | |
| Appellees. ) | | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

INTRODUCTION

Appellants Leighton Holdings, Ltd. and Cecil R. McNab (collectively "Appellants") asked the Bankruptcy Court for leave to sue the Bankruptcy Trustee and his Special Counsel under theories of breach of fiduciary duty and malicious prosecution. The Bankruptcy Court denied Appellants' request. Appellants now bring this appeal claiming that the Bankruptcy Court erred in denying their request. For the

20

following reasons, we disagree. Accordingly, we affirm the judgment of the Bankruptcy Court.

BACKGROUND

The extensive history leading to the present appeal has been reported in several decisions issued by the Bankruptcy Court for the Northern District of Illinois, our Court and the United States Court of Appeals Seventh Circuit.[1] The dispute presently before us arises from the following subset of facts. On December 5, 1994, a development company filed an involuntary petition for bankruptcy against Kids Creek Partners, L.P. ("Debtor") under Chapter 7 of the United States Bankruptcy Code. At

---

[1] Herzog v. Leighton Holdings, Ltd. (In re Kids Creek Partners, L.P.), 200 B.R. 996 (Bankr.N.D.Ill.1996) (denying motion for summary judgment); Herzog v. Leighton Holdings, Ltd. (In re Kids Creek Partners, L.P.), 1997 WL 97122 (Bankr.N.D.Ill.1997) (memorandum opinion on facts deemed established for trial); In re Kids Creek Partners, L.P., 210 B.R. 547 (Bankr.N.D.Ill.1997) (holding Leighton's prepetition security interest did not attach to proceeds from post-petition sale of debtor's real property), motion to alter or amend denied, 1997 Bankr.LEXIS 215 (1997), aff'd, 1997 WL 627652 (N.D.Ill.1997); Herzog v. Leighton Holdings, Ltd. (In re Kids Creek Partners, L.P.), 212 B.R. 898 (Bankr.N.D.Ill.1997) (granting judgment on partial findings in favor of Leighton); In re Kids Creek Partners, L.P., 220 B.R. 963 (Bankr.N.D.Ill.1998) (awarding superpriority claim to Leighton), aff'd, 239 B.R. 497 (N.D.Ill.1999); In re Kids Creek Partners, L.P., 219 B.R. 1020 (Bankr.N.D.Ill.1998) (awarding administrative claim to court reporter and requiring special counsel to disgorge $ 2,500.00 in interim fees in order to be distributed pro rata to court reporter and other administrative creditors), aff'd, 233 B.R. 409 (N.D.Ill.1999); In re Kids Creek Partners, L.P., 236 B.R. 871 (Bankr.N.D.Ill.1999) (granting Leighton's motion to disgorge funds from the trustee); In the Matter of Kids Creek Partners, L.P., 200 F.3d 1070 (7th Cir.2000) (affirming the disgorgement of fees and the order allowing superpriority).

the time of filing, Debtor was in the midst of negotiations for the sale of property to which Debtor held an option to purchase. In order to secure Debtor's obligations, Leighton Holdings, Inc. ("Leighton") served as lender and held a security interest in Debtor's rights in the property. Debtor then became in default to Leighton. Because the land was encumbered by Leighton's mortgage, the property purchasers moved in December 1994 for appointment of an interim trustee to consummate the land sale contract. The Bankruptcy Court granted the motion and appointed David R. Herzog as interim trustee. He later served as the Chapter 7 trustee (the "Trustee") to the debtor's estate.

Before consummating the land sale, the purchasers insisted on obtaining a release of Leighton's security interest in the property. The Trustee negotiated a release of Leighton's lien on the property in exchange for (1) a lien on the proceeds of the sale and (2) the Trustee's consent to an agreed order (the "Agreed Order") providing a superpriority administrative claim for any and all costs incurred by Leighton in the event that the Trustee brought a contemplated adversary proceeding (the "Adversary Complaint") against Leighton and Leighton prevailed.

On February 15, 1995, the Trustee filed an Adversary Complaint on behalf of the estate against Leighton for equitable subordination and lender liability. On August

21, 1995, the Bankruptcy Court approved the appointment of special counsel to litigate the Adversary Complaint against Leighton.

Leighton obtained a favorable judgment on the Adversary Complaint on October 1, 1997. By October 14, the Trustee had filed a notice of appeal. The district court dismissed a portion of the appeal on March 17, 1999, and affirmed the judgment on the remaining issues. This judgment is currently under appeal to the United States Court of Appeals for the Seventh Circuit. See <u>Herzog v. Leighton Holdings, Ltd.</u>, Docket No. 99-3580.

On September 10, 1997, Leighton filed a superpriority administrative claim. Despite the agreed order, the Trustee opposed Leighton's claim. On May 18, 1998, the Bankruptcy Court entered a judgment order allowing Leighton's superpriority claim and providing for its immediate payment. The Trustee filed unsuccessful appeals in both the district court and the Seventh Circuit.

More than two years later, on September 30, 1998, Leighton and Cecil McNab, an unsecured creditor and principal of Leighton, filed suit in this Court against the Trustee and his Special Counsel David A. Belofsky and Douglas M. Belofsky (collectively "Special Counsel"). Leighton and McNab (collectively "Appellants") did not obtain leave of the Bankruptcy Court before filing the action. The Complaint

alleged breach of fiduciary duty by the Trustee and Special Counsel and malicious prosecution of their Adversary Complaint against Appellants.

Appellants subsequently brought a motion asking the Bankruptcy Court for leave to continue prosecuting their action in the district court. The Bankruptcy Court denied the motion, finding that Appellants had not pled a prima facie case against the Trustee and Special Counsel and that policy considerations militated against the exercise of discretion to permit such a suit. See In re Kids Creek Partners, L.P., 258 B.R. 554, 557 (Bankr. N.D. Ill. 2000). Consequently, the Bankruptcy Court ordered Appellants to dismiss the suit. See id. Appellants now ask this Court to reverse the Bankruptcy Court's order denying their motion so that Appellants may reinstate their Complaint and proceed thereon.

## DISCUSSION

1. Standard Of Review

In reviewing a decision of the bankruptcy court, the court's findings of fact are upheld unless clearly erroneous, its determinations of witness credibility are given due regard, and its legal conclusions are reviewed de novo. See In re Marrs-Winn Co., Inc., 103 F.3d 584, 589 (7th Cir. 1996) (citing Fed. R. Bank. P. 8013).

The Barton doctrine requires the appointing court to grant leave before a party can bring suit against a bankruptcy trustee or his counsel. See In re Linton, 136 F.3d

544, 545 (7th Cir. 1998). The purpose of the leave requirement is to protect the bankruptcy process:

> If debtors, creditors, defendants in adversary proceedings, and other parties to a bankruptcy proceeding could sue the trustee in state court for damages arising out of the conduct of the proceeding, that court would have the practical power to turn bankruptcy losers into bankruptcy winners, and vice versa. [. . .] But a simpler and more secure protection is to require the person wanting to bring a suit in state court against a trustee in bankruptcy to obtain leave to do so from the bankruptcy court.

Linton, 136 F.3d at 546. Thus the leave requirement affords protection to the bankruptcy process and to the Trustee.

In order to obtain leave from the appointing court, the claimant must demonstrate that it has a prima facie case against the trustee. See In re Berry, 231 B.R. 676, 679 (Bankr. N.D. Ill. 1999); In re Kashani, 190 B.R. 875, 885 (B.A.P. 9th Cir. 1995). This requirement makes sense given the underlying purpose of the leave requirement. Otherwise, if the appointing court relied on mere notice-pleading standards rather than evaluating the merits of the allegations, the leave requirement would become meaningless. See Berry, 231 B.R. at 679. To apply a less stringent standard would eviscerate the protections extended to the Trustee. Accordingly, we reject Appellants' claim that the bankruptcy court erred by "ignor[ing] the liberal

notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure."[2] (App. Brief at 15.) We conclude instead that the Bankruptcy Court applied the proper standard in analyzing the "merits of the claims alleged" in the Complaint. Berry, 213 B.R. at 679.

2. Claims On The Merits

a. Counts I & II: Breach Of Fiduciary Duty

Count I of the Complaint alleged that the Trustee and Special Counsel willfully and deliberately breached their fiduciary duty to the Creditors by (1) filing an adversary proceeding against Leighton without having done adequate investigation to determine the legitimacy of the claims; (2) opposing Leighton's summary judgment motion in the adversary proceeding with assertions of unsubstantiated facts and the submission of affidavits by unreliable and untruthful witnesses; (3) gambling all of the money in the debtor's estate on a victory in an adversary proceeding which was not well grounded in fact; (4) failing to terminate the adversary proceedings after it became obvious that certain witnesses were unreliable; and (5) pursuing unmeritorious appeals in the adversary proceeding.

---

[2] Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2).

-7-

The Bankruptcy Court found that bankruptcy trustees owe fiduciary duties to the debtor's estate and to its creditors. See In re Kids Creek Partners, 248 B.R. at 560. Furthermore, for purposes of its discussion the Court assumed that the Special Counsel has fiduciary duties to the debtor's estate and its creditors. See id. Appellants, however, failed to "articulate facts which demonstrate that the alleged acts constituted breach of fiduciary duties or that there were willful and deliberate breaches of those duties." Id. at 560-61. Although the allegations "may support an inference that Trustee and his Special Counsel exercised poor judgment," this alone is not tantamount to a breach of fiduciary duty. Id. The allegations do not demonstrate any intent on the part of the Trustee or Special Counsel to willfully or deliberately breach its fiduciary duty to Appellants.

Count II of the Complaint asserted that the Trustee breached his fiduciary duty to Appellants by (1) objecting to the validity of an agreed order that gave Appellant Leighton a contingent super-priority administrative claim for its attorneys fees and costs in the adversary proceeding in order to ensure payment of the Trustee's own fees and expenses; and (2) continuing to challenge the agreed order through various appellate courts. In evaluating the sufficiency of these claims, the Bankruptcy Court noted that the Trustee and Special Counsel owe a fiduciary duty to Debtor and creditors of Debtor's estate to preserve and protect the assets of the estate. See id. at 561. The

Court did not find any willful and deliberate breach of the fiduciary duty, however, because the Trustee's "attempts to obtain a settlement in the adversary case and to defend against the administrative claim, had they been successful, could have produced assets of the estate available to unsecured creditors." Id. The Trustee merely made a litigation decision. See id. at 562. Such decisions by bankruptcy trustees -- even "bad" ones -- merit protection: "To hold a trustee personally liable for making an unwise litigation decision, especially when based on pre-bankruptcy events which gave rise to the litigation issue, would make trusteeship an onerous, risky, and costly task which few would voluntarily undertake." Id.

We agree with the Bankruptcy Court's conclusion. Appellants' allegations do not show that the Trustee acted in willful and deliberate breach of his fiduciary duties. Without this showing, Appellants have not sufficiently pled a willful and deliberate breach of fiduciary duty. Thus the Bankruptcy Court properly denied Appellants leave to proceed on Counts I and II.

b. Counts III & IV: Malicious Prosecution

A claim of malicious prosecution must contain the following elements: (1) the defendant brought the underlying suit maliciously and without probable cause; (2) the former action was terminated in the plaintiff's favor; and (3) plaintiff suffered some "special injury" or special damage beyond the usual expense, time or annoyance in

defending a lawsuit. See Cult Awareness Network v. Church of Scientology Int'l, 685 N.E.2d 1347, 1351 (1997).

Count III alleged that the Trustee and Special Counsel failed to investigate adequately the circumstances surrounding Leighton's liens and Debtor's business failure before bringing the Adversary Complaint. Furthermore, the Count claimed that the Trustee and Special Counsel failed to prove many facts raised in opposition to Appellants' motion for summary judgment in that case. Appellants contend that the Trustee and Special Counsel lacked sufficient facts to substantiate their cause of action and never intended to go to trial at all. Instead, according to Appellants, the Trustee and Special Counsel instituted the proceedings as a means of extorting settlement from them. Appellants claim to have suffered the following damages:

> (1) $1,411,118 comprising the remaining amounts due and owing on account of Leighton's allowed superpriority administrative claim, after subtracting the payment made on August 26, 1999 plus all attorneys fees and costs incurred by Leighton after July 30, 1997, (b) lost interest on the $1,250,000 that Leighton was required to maintain on deposit with the issuer of the Letter of Credit required by the Agreed Order, and (c) the failure to obtain any dividend from Debtor's estate on McNab's unsecured claim.

(Compl. ¶ 73.)

The Bankruptcy Court found that this claim lacked the "special injury" required for malicious prosecution claims. In re Kids Creek Partners, 248 B.R. at 563. Under

Illinois law, a "special injury" is usually associated with an arrest or seizure of property or a constructive taking or interference with the person or property. Serfecz v. Jewel Food Stores, 67 F.3d 591, 603 (7th Cir. 1995). The Court characterized the damages as consisting of "those costs and expenses which naturally result from litigation . . . [that were] expressly provided for by the agreed order entered in this case." In re Kids Creek Partners, 248 B.R. at 563. As such, they did not qualify as special injuries.

Appellants contend that the restriction of a party's access to its assets constitutes a constructive seizure of property satisfying the special injury requirement. In support of this contention, Appellants point to Cozzi v. Pepsi-Cola Gen'l Bottlers, Inc., No. 96 C 7228, 1997 WL 811687 (N.D. Ill. Dec. 30, 1997), and Bank of Lyons v. Schultz, 399 N.E. 2d 1286 (Ill. 1980). In Cozzi, the district court found a special injury for purposes of an abuse of process claim where a temporary restraining order blocked the plaintiff's access to most of her assets and thus created a constructive seizure of her property. See 1997 WL 811687 at *3. In Schultz, the Illinois Supreme Court concluded that the wrongful issuance of a preliminary injunction preventing plaintiff from using life insurance proceeds for a nine-year period constituted a seizure of property and thus a special injury to support a malicious prosecution claim. See 399 N.E.2d at 1288.

Appellants' contention does not apply to the case at bar. Cozzi and Schultz center upon assets to which claimants were entitled but had been denied. In the case

at bar, by contrast, Appellants alleged special injuries resulting from the administration of the Debtor's estate. Those "injuries" consisted mainly of costs and expenses that naturally result from litigation. The parties' Agreed Order even provided for such injuries. Such injuries are not assets to which Appellants were entitled. With respect to the lost interest claim, even that is a cost that may normally be associated with waiting for bankruptcy proceedings to resolve which can often be a lengthy process. Hence none of these alleged injuries constitutes assets to which Appellants have an entitlement that satisfies the special injury requirement. We therefore agree with the Bankruptcy Court that Count III fails to show a prima facie case of malicious prosecution.

Finally, Count IV raises a malicious prosecution claim against the Trustee and Special Counsel for their opposition to Appellants' superpriority claim and fee petition. The Bankruptcy Court found that this claim failed to meet the first element of a malicious prosecution claim, namely that the defendant initiated the suit maliciously. See Cult Awareness Network, 685 N.E.2d at 1351. Appellants, not the Trustee and Special Counsel, initiated the underlying proceeding. The argument that we are left with -- that the Trustee and Special Counsel maliciously prosecuted their defense -- is without merit. The Bankruptcy Court noted that the then-Plaintiffs cited no cases suggesting that defending a claim, even in bad faith, can constitute malicious

prosecution. In their brief, Appellants now argue that "continuation" of a judicial proceeding satisfies the first element of malicious prosecution, but neither of the cited cases elaborates upon this proposition.[3] To us, as to the Bankruptcy Court, Appellants' unsupported proposition makes little sense in the case at bar. Had the Trustee not persevered in his defense, he would have risked breaching his duties to other creditors. Thus, we uphold the Bankruptcy Court's conclusion that Appellants failed in Count IV to establish a prima facie case of malicious prosecution.

3. Additional Issues Raised On Appeal

In addition to the aforementioned challenges, Appellants ask us to review whether the Bankruptcy Court erred in holding that policy considerations militate against exercising discretion to grant Leighton's Motion for Permission to Proceed. Appellants claim that the Bankruptcy Court referred to "policy considerations" but failed to identify or explain any such policies. Appellants contend moreover that the Court's discussion of the leave-to-sue doctrine does not illuminate any policy militating against granting motions for leave to sue.

---

[3] Appellants cite two cases stating that the first element of a malicious prosecution claim is the commencement or continuance of an original criminal or civil proceeding by the defendant. See Bryant v. Whalen, 759 F. Supp. 410, 419 (N.D. Ill. 1991); Joiner v. Benton Comm. Bank, 411 N.E.2d 229, 232 (Ill. 1980). Neither case elaborates upon this proposition.

We disagree. The Bankruptcy Court engaged in a thorough and well-reasoned discussion of the policies underlying the leave-to-sue rule. See In re Kids Creek Partners, L.P., 248 B.R. at 559-560. We understand the importance of protecting bankruptcy trustees from the threat of litigation, especially given the usual financial difficulties of debtors that precipitate a trustee's involvement in the first place. One useful method of implementing this goal is to impose a higher pleading standard so that generalized, ill-defined pleadings do not survive. Contrary to Appellants' contention, we find that this discussion is inextricably bound to the issue of granting motions for leave to sue because the discussion illuminates the policies upon which consideration of such motions should rest. We therefore find no fault in the Bankruptcy Court's public policy discussion. Even if we did, our disposition of this case would not change since the Bankruptcy Court based its denial of the motion on Appellants' failure to plead a prima facie case of breach of fiduciary duty and malicious prosecution.

Finally, Appellants ask us to decide whether the Bankruptcy Court erred in finding that Leighton failed to follow the prescribed procedure to bring suit against the Trustee and Special Counsel and that such failure constituted grounds to deny Leighton's motion. The Bankruptcy Court commented that "[f]ailure to follow the prescribed procedure requiring advance permission is itself grounds to deny the present motion." In re Kids Creek Partners, 248 B.R. at 559. This observation is dicta,

however. The Bankruptcy Court's dismissal of the motion for leave to proceed rested upon the claimants' failure to plead prima facie cases of breach of fiduciary duty and malicious prosecution, not failure to follow the prescribed procedure. Because this statement was dicta, we need not address any error pertaining to it in the instant appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Bankruptcy Court denying Appellants' motion for leave to proceed in its suit against the Trustee and Special Counsel.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: November 29, 2000